## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-25-349-D-2 |
| | ) | |
| HEATHER MARIE MARX, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Heather Marie Marx's Unopposed Motion to Continue Jury Trial [Doc. No. 38]. For the following reasons, the motion is **GRANTED**.

## BACKGROUND

Defendant was charged in a multi-count indictment [Doc. No. 15] with drug conspiracy, in violation of 21 U.S.C. § 846, distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2. Defendant appeared for arraignment before United States Magistrate Judge Shon T. Erwin on September 10, 2025, and entered a plea of not guilty. The case was set on the Court's October 14, 2025 jury trial docket [Doc. No. 22].

On October 1, 2025, Defendant filed the instant motion to continue the jury trial to the December 2, 2025 trial docket [Doc. No. 38]. Defense counsel represents that additional time is needed to review discovery produced by the government, effectively prepare this case for trial, and discuss plea negotiations with the government. The government is not opposed to a continuance. Defendant has filed a Waiver of Speedy Trial [Doc. No. 38-1].

1

## ANALYSIS

Upon consideration of the motion and the ends of justice, the Court finds that the need for a continuance outweighs the best interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A); *see also United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009). For the reasons set forth in Defendant's motion, the Court finds that a refusal to grant the requested continuance would unreasonably deny Defendant's counsel the time reasonably necessary for effective preparation, despite due diligence, and would likely result in a miscarriage of justice. The Court further finds that a continuance is warranted under § 3161(h)(6), which allows for a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). Defendant's codefendant is set to be arraigned on October 3, 2025 [Doc. No. 37].

In making these findings, the Court has fully considered the statutory factors set forth in § 3161(h)(7)(B) and has concluded that the requested continuance is fully consistent with congressional policies and binding precedent. *See Bloate v. United States*, 559 U.S. 196, 214 (2010); *Toombs*, 574 F.3d at 1269. The Court has also considered the length of delay, the reason for delay, any prejudice, and other relevant circumstances. *Toombs*, 574 F.3d at 1273. Further, no circumstance is present that would prohibit a continuance pursuant to § 3161(h)(7)(C). Therefore, the period of delay caused by the granting of this motion is excludable for purposes of the Speedy Trial Act.

Accordingly, Defendant's Unopposed Motion to Continue Jury Trial [Doc. No. 38] is **GRANTED**. This case is **STRICKEN** from the October 14, 2025 jury trial docket and

is **RESET** on the December 2, 2025 jury trial docket. The parties shall file all pre-trial motions on or before November 4, 2025. This case is **STRICKEN** from the Docket Call on October 9, 2025.

      **IT IS SO ORDERED** this 3rd day of October, 2025.

TIMOTHY D. DeGIUSTI
Chief United States District Judge